## Commonwealth v. Allen

*Wray G. Zelt*, district attorney, for Commonwealth.

*Ceisler & Rodgers* and *Benedict F. Fitzgerald*, for defendant.

CARSON, P. J., September 30, 1955.—On April 20, 1955, Newton C. Allen was indicted on charges of unlawfully holding himself forth as a practitioner in

medicine and surgery and assuming the title of doctor of medicine and surgery without a license.

Defendant filed a petition for a bill of particulars alleging that the indictment did not specify (a) the acts of defendant which constituted holding himself out to be a medical practitioner; (b) the acts which constituted the assumption of the title of doctor of medicine and surgery; (c) the manner or circumstances under which the defendant held himself out to be a medical practitioner or assumed the title of doctor of medicine and surgery; (d) the diverse and sundry other times when defendant held himself out to be a medical practitioner or assumed the title of doctor of medicine and surgery.

In response to the rule, the Commonwealth filed a bill of particulars alleging that it would prove at the trial that defendant, "on the dates set forth in the indictment, held himself forth as and assumed the title of doctor of medicine by issuing, on each date to various individuals, a prescription for medication written on blanks which contained at the top thereof a business card designating defendant as 'M.D.' (except the prescription issued on February 22, 1954), and all of the prescriptions were signed by defendant, assuming the title of 'M.D.'".

Also, that it would prove "that in addition to the specified dates set forth in the indictment, defendant did, on June 1, 1954, June 9, 1954, July 6, 1954, and September —, 1954, hold himself forth as and assumed the title of doctor of medicine by issuing, on each of said dates to various individuals, a prescription for medication written on blanks which contained at the top thereof a business card designating the defendant as 'M.D.', and all of said prescriptions were signed by the defendant, assuming the title of 'M.D.' ".

On August 4, 1955, defendant filed a "motion for more specific bill of particulars" alleging: (1) That

the bill failed to name the individuals to whom the prescriptions were issued; (2) that the bill failed to set forth how the prescription issued on February 22, 1954, sustained the charges of the indictment, and (3) that since defendant has issued "many hundreds of prescriptions", he would be unable to properly prepare his defense, "unless he is allowed to inspect said prescriptions in order to determine the names of the individuals and the authenticity of said prescriptions".

The Commonwealth answered by filing a motion to dismiss the motion for a more specific bill, and the matter came on for argument.

It has long been the law, both in this Commonwealth and in other jurisdictions, that the prosecution cannot be compelled to disclose evidence which it has in its possession. See Commonwealth v. Smith, 67 D. & C. 598 (1949) ; Commonwealth v. McQuiston, 56 D. & C. 533; Commonwealth v. Sherman, 72 D. & C. 367.

And this principle of law extends even to evidence obtained from defendant himself. In Commonwealth v. Smith, supra, defendant had made several written and oral statements to the district attorney. His counsel, by rule to show cause, requested that the court grant him permission to inspect and make copies of the statements taken from the defendant. The court held that defendant was not entitled to such inspection, citing Commonwealth v. Buccieri, 153 Pa. 535.

In view of the above, it is clear that defendant has no right in the instant case to an inspection of the prescriptions held by the district attorney. However, in view of the gravity of the proceedings and in order that we may extend to defendant every safeguard to insure him a fair trial, this court is of the opinion that the names of the persons to whom the prescriptions in question were given should be made available to defendant.

Wherefore, the following

*Order*

And now, September 30, 1955, the district attorney is hereby ordered to furnish to defendant or his counsel the names appearing on each prescription which the district attorney has in his possession.